## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OPTICAL DEVICES, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | **COMPLAINT FOR PATENT** |
| | ) | **INFRINGEMENT** |
| PANASONIC CORPORATION AND | ) | |
| PANASONIC CORPORATION OF NORTH | ) | |
| AMERICA, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |
| | ) | |

1.      Plaintiff Optical Devices, LLC ("Optical Devices" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendants Panasonic Corporation and Panasonic Corporation of North America ("Defendants") as follows:

2.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain injunctive relief and damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States of products that infringe one or more claims of United States Patent Nos. 7,196,979 ("the '979 Patent," attached as Exhibit A), 8,416,651 ("the '651 Patent," attached as Exhibit B), 6,970,410 ("the '410 Patent," attached as Exhibit C), 7,839,729 ('the '729 Patent," attached as Exhibit D), 6,809,995 ("the '995 Patent," attached as Exhibit E), 6,847,597 ("the '597 Patent," attached as Exhibit F), RE40,927 ("the '927 Patent," attached as Exhibit G), RE42,913 ("the '913 Patent," attached as Exhibit H), and RE43,681 ("the '681 Patent," attached as Exhibit I) (the "Asserted Patents").

3.      This is an action for direct infringement.  On information and belief, Defendants manufacture, use, sell, offer for sale, and/or import into the United States products that infringe the Asserted Patents either literally or under the doctrine of equivalents.

4.      Plaintiff seeks injunctive relief to prevent Defendants from continuing to infringe Plaintiff's patents.  In addition, Plaintiff seeks to recover monetary damages resulting from Defendants' infringement of these patents.

## THE PARTIES

5.      Plaintiff Optical Devices is a Delaware limited liability company having a place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

6.      Plaintiff is the lawful assignee of all substantial rights, title, and interest in and to the Asserted Patents.

7.      Upon information and belief, Defendant Panasonic Corporation is a Japanese corporation having a place of business located at 1006 Oaza Kadoma, Kadoma 571-8501 Osaka, Japan.

8.      Upon information and belief, Defendant Panasonic Corporation of North America is a wholly owned subsidiary of Panasonic Corporation.  Panasonic Corporation of North America is a Delaware corporation having a place of business located at One Panasonic Way, Secaucus, NJ 07094.  Panasonic Corporation of North America's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

9.      Plaintiff has been and will continue to be irreparably harmed by Defendants' infringement of the Asserted Patents.  Moreover, Defendants' unauthorized and infringing uses of Plaintiff's patented systems and methods have threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent

right to exclude others from making, using, selling, offering to sell, and/or importing the patented inventions.

10.      Defendants' disregard for Plaintiff's property rights threatens Plaintiff's relationships with potential licensees of Plaintiff's patents, including the Asserted Patents.  The Defendants will derive a competitive advantage over any of Plaintiff's future licensees from infringing Plaintiff's patented technology.

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 USC §§ 1331 and 1338(a).

12.      Upon information and belief, Defendants are subject to personal jurisdiction in the state of Delaware because they individually, or through one or more subsidiaries or affiliates, transact business in this judicial district, purposefully conduct or solicit business in this judicial district by, among other things, selling and offering products for sale, including the accused products, to customers located in this judicial district, and/or derive substantial revenue from products used or consumed in this judicial district.  For example, the accused products may be purchased in and shipped to Delaware via at least Bestbuy.com (see attached Exhibit J) and Amazon.com (see attached Exhibit K).  In addition, Defendants have committed acts of infringement of one or more of the claims of one or more of the Asserted Patents in this judicial district.  Panasonic Corporation of North America is also licensed to do business in Delaware and so is subject to jurisdiction in the State of Delaware for this additional reason.

13.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district.  Venue is also proper in this judicial district

because Panasonic Corporation is an alien and because Panasonic Corporation of North America is incorporated in the State of Delaware.

## COUNT I
### (Infringement of United States Patent No. 7,196,979)

14.     Paragraphs 1 through 13 are incorporated by reference as if fully restated herein.

15.     Upon information and belief, Defendants directly infringe the '979 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products that comprise or contain invention(s) claimed in the '979 Patent.  Upon information and belief, Defendants make, use, sell, offer for sale, and/or import laptop computers, Blu-ray and DVD players/recorders, and CD players that contain optical disc drives which directly infringe one or more of the claims of the '979 Patent.

16.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

17.     Plaintiff is entitled to injunctive relief to prevent any further acts of infringement of the Asserted Patents by Defendants.

18.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II
### (Infringement of United States Patent No. 8,416,651)

19.     Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

20.     Upon information and belief, Defendants directly infringe the '651 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell,

and/or importing into the United States products that comprise or contain invention(s) claimed in the '651 Patent.  Upon information and belief, Defendants make, use, sell, offer for sale, and/or import laptop computers, Blu-ray and DVD players/recorders, and CD players that contain optical disc drives which directly infringe one or more of the claims of the '651 Patent.

21.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

22.     Plaintiff is entitled to injunctive relief to prevent any further acts of infringement of the Asserted Patents by Defendants.

23.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

### COUNT III
### (Infringement of United States Patent No. 6,970,410)

24.     Paragraphs 1 through 23 are incorporated by reference as if fully restated herein.

25.     Upon information and belief, Defendants directly infringe the '410 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products that comprise or contain invention(s) claimed in the '410 Patent.  Upon information and belief, Defendants make, use, sell, offer for sale, and/or import laptop computers, Blu-ray and DVD players/recorders, and CD players that contain optical disc drives which directly infringe one or more of the claims of the '410 Patent.

26.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

27.     Plaintiff is entitled to injunctive relief to prevent any further acts of infringement of the Asserted Patents by Defendants.

28.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT IV
## (Infringement of United States Patent No. 7,839,729)

29.     Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30.     Upon information and belief, Defendants directly infringe the '729 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products that comprise or contain invention(s) claimed in the '729 Patent.  Upon information and belief, Defendants make, use, sell, offer for sale, and/or import laptop computers, Blu-ray and DVD players/recorders, and CD players that contain optical disc drives which directly infringe one or more of the claims of the '729 Patent.

31.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

32.     Plaintiff is entitled to injunctive relief to prevent any further acts of infringement of the Asserted Patents by Defendants.

33.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT V
## (Infringement of United States Patent No. 6,809,995)

34.     Paragraphs 1 through 33 are incorporated by reference as if fully restated herein.

35.     Upon information and belief, Defendants directly infringe the '995 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products that comprise or contain invention(s) claimed in the '995 Patent.  Upon information and belief, Defendants make, use, sell, offer for sale, and/or import laptop computers, Blu-ray and DVD players/recorders, and CD players that contain optical disc drives which directly infringe one or more of the claims of the '995 Patent.

36.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

37.     Plaintiff is entitled to injunctive relief to prevent any further acts of infringement of the Asserted Patents by Defendants.

38.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**COUNT VI**
**(Infringement of United States Patent No. 6,847,597)**

39.     Paragraphs 1 through 38 are incorporated by reference as if fully restated herein.

40.     Upon information and belief, Defendants directly infringe the '597 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products that comprise or contain invention(s) claimed in the '597 Patent.  Upon information and belief, Defendants make, use, sell, offer for sale, and/or

import laptop computers, Blu-ray and DVD players/recorders, and CD players that contain optical disc drives which directly infringe one or more of the claims of the '597 Patent.

41.    Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

42.    Plaintiff is entitled to injunctive relief to prevent any further acts of infringement of the Asserted Patents by Defendants.

43.    Plaintiff is entitled to recover damages adequate to compensate for the infringement.

### COUNT VII
### (Infringement of United States Patent No. RE40,927)

44.    Paragraphs 1 through 43 are incorporated by reference as if fully restated herein.

45.    Upon information and belief, Defendants directly infringe the '927 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products that comprise or contain invention(s) claimed in the '927 Patent.  Upon information and belief, Defendants make, use, sell, offer for sale, and/or import laptop computers, Blu-ray and DVD players/recorders, and CD players that contain optical disc drives which directly infringe one or more of the claims of the '927 Patent.

46.    Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

47.    Plaintiff is entitled to injunctive relief to prevent any further acts of infringement of the Asserted Patents by Defendants.

48.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT VIII
### (Infringement of United States Patent No. RE42,913)

49.     Paragraphs 1 through 48 are incorporated by reference as if fully restated herein.

50.     Upon information and belief, Defendants directly infringe the '913 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products that comprise or contain invention(s) claimed in the '913 Patent.  Upon information and belief, Defendants make, use, sell, offer for sale, and/or import laptop computers, Blu-ray and DVD players/recorders, and CD players that contain optical disc drives which directly infringe one or more of the claims of the '913 Patent.

51.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

52.     Plaintiff is entitled to injunctive relief to prevent any further acts of infringement of the Asserted Patents by Defendants.

53.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT IX
### (Infringement of United States Patent No. RE43,681)

54.     Paragraphs 1 through 53 are incorporated by reference as if fully restated herein.

55.    Upon information and belief, Defendants directly infringe the '681 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products that comprise or contain invention(s) claimed in the '681 Patent.  Upon information and belief, Defendants make, use, sell, offer for sale, and/or import laptop computers, Blu-ray and DVD players/recorders, and CD players that contain optical disc drives which directly infringe one or more of the claims of the '681 Patent.

56.    Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

57.    Plaintiff is entitled to injunctive relief to prevent any further acts of infringement of the Asserted Patents by Defendants.

58.    Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, granting Plaintiff the following relief:

A.    That this Court adjudge and decree that Defendants have infringed each of the Asserted Patents;

B.    That this Court permanently enjoin Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, attorneys and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or

advertising products that infringe any of the claims of the Asserted Patents, or otherwise engaging in acts of infringement of the Asserted Patents, all as alleged herein;

C.     That this Court order an accounting, including a post-verdict accounting, to determine all damages and costs to be awarded Plaintiff as a result of Defendants' infringement;

D.     That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Defendants that is adequate to compensate Plaintiff for said infringement; said damages to be no less than a reasonable royalty and costs;

E.     That this Court assess pre-judgment interest and costs against Defendants, together with an award of such interest and costs;

F.     That this Court grant such other, further, and different relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury

pursuant to Fed. R. Civ. P. 38.


Dated:  April 25, 2013                         Respectfully submitted,

                                               /s/ *James G. McMillan III*
                                               Edmond D. Johnson (No. 2257)
                                               James G. McMillan, III (No. 3979)
                                               PEPPER HAMILTON LLP
                                               Hercules Plaza, Suite 5100
                                               1313 N. Market Street
                                               P.O. Box 1709
                                               Wilmington, DE  19899-1709
                                               Tel. No. (302) 777-6500
                                               *johnsone@pepperlaw.com*
                                               *mcmillaj@pepperlaw.com*

                                               William D. Belanger
                                               Robert A. Brooks
                                               Noah Malgeri
                                               PEPPER HAMILTON LLP
                                               19th Floor, High Street Tower
                                               125 High Street
                                               Boston, MA  02110-2736
                                               Tel. No. (617) 204-5100

                                               Goutam Patnaik
                                               PEPPER HAMILTON LLP
                                               Hamilton Square
                                               600 Fourteenth Street, N.W.
                                               Washington, D.C.  20005-2004
                                               Tel. No. (202) 220-1200

                                               *Attorneys for Plaintiff Optical Devices, LLC*